UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BECKY PINKSTON-POLING, individually,
and on behalf of all others similarly situated,

    Plaintiff,

vs.

ADVIA CREDIT UNION,

    Defendant.

Case No. 1:15-cv-1208
Hon. Gordon J. Quist

---

### STIPULATION TO ENTRY OF ORDER GOVERNING THE PROTECTION AND EXCHANGE OF CONFIDENTIAL MATERIAL

The parties, through their undersigned counsel, hereby stipulate to entry of the attached proposed order governing the protection and exchange of confidential information, a copy of which is attached hereto.

Stipulated and agreed:

| MCCUNE WRIGHT AREVALO LLP | HOWARD & HOWARD ATTORNEYS PLLC |
|---|---|
| */s/ Richard D. McCune with permission* | */s/ Brandon J. Wilson* |
| By: Richard D. McCune (pro hac vice) | By: Brandon J. Wilson (P73042) |
| 3281 E. Guasti Rd., Suite #100 | 450 West Fourth Street |
| Ontario, CA 91761 | Royal Oak, MI 48067 |
| Telephone: (909) 557-1250 | Telephone: (248) 645-1483 |
| E-mail: rdm@mccunewright.com | E-mail: bjw@h2law.com |

Dated: May 26, 2017

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BECKY PINKSTON-POLING, individually,
and on behalf of all others similarly situated,

    Plaintiff,

vs.

ADVIA CREDIT UNION,

    Defendant.

Case No. 1:15-cv-1208
Hon. Gordon J. Quist

## ORDER GOVERNING THE PROTECTION
## AND EXCHANGE OF CONFIDENTIAL MATERIAL

Pursuant to Federal Rule of Civil Procedure 26(c), the Court hereby enters the following protective order:

PURPOSES AND LIMITATIONS OF THIS ORDER. The parties have represented that discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted, this Court enters the following Protective Order. This Order does not confer blanket protections on all disclosures or responses to discovery. The protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. Further, as set forth below, this Order does not entitle the parties to file confidential information under seal. Rather, when the parties seek permission from the Court to file material under seal, the parties must comply with the Court's local rules and any other applicable orders of this Court.

1

GOOD CAUSE STATEMENT.  In light of the nature of the claims and allegations in this case and the parties' representations that discovery in this case will involve the production of confidential personal financial records, and in order to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in connection with this action, to address their handling of such material at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter.

    NOW THEREFORE;

    IT IS HEREBY ORDERED as follows:

    1.    **Confidential Information** – Any document or thing that a party reasonably and in good faith believes to contain confidential information that is not publicly available (such as personal financial information, commercial, or other sensitive business information) may be produced by that party with the clear and obvious designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

    2.    **Non-Disclosure of Confidential Information** – Any document or thing designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" may only be used to prosecute or defend this action and shall not be disclosed to (or the content discussed with) anyone other than the following persons:

        a.    The named parties in this case, their attorneys, and their support staff (e.g., copying and document management personnel).

      b.    Independent experts or consultants engaged by a party's attorneys to assist in the preparation and trial of this case who agree to abide by the terms of this Protective Order by signing Exhibit A.

      c.    Deposition witnesses whose testimony is being taken with respect to the document or thing, or about the subject matter of the document or thing, who agree to abide by the terms of this Protective Order.

      d.    This Court and its staff members.

3.    **Highly Confidential Information – Attorney's Eyes Only** – Any document or thing that a party in good faith believes to contain highly confidential information that is not publicly available (such as member personal financial information and development, commercial, or other sensitive business information) may be produced by that party with the clear and obvious designation "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY."

4.    **Non-Disclosure of Highly Confidential Information** – Any document or thing designated "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" may only be used to prosecute or defend this action and shall not be disclosed to (nor the content discussed with) anyone other than the following persons:

      a.    Outside attorneys of record in this lawsuit and their support staff (e.g., copying and document management personnel) who are not involved in patent prosecution for the receiving party in the same technology area.

      b.    Independent experts or consultants engaged by a party's attorneys to assist in the preparation and trial of this case who agree to abide by the terms of this Protective Order by signing Exhibit A.

3

      c.      Deposition witnesses whose testimony is being taken with respect to the document or thing, or about the subject matter of the document or thing, who agree to abide by the terms of this Protective Order.

      d.      This Court and its staff members.

5.    **Disclosure to Experts and Consultants** – Before any documents, testimony, or other information designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" are disclosed to an independent expert or consultant, they shall be advised of their confidential nature. All persons to whom confidential information and/or documents are disclosed are hereby enjoined from disclosing same to any other person except as provided herein, and are further enjoined from using same except in the preparation for and trial of the above-captioned action between the named parties thereto. No person receiving or reviewing such confidential documents, information or transcripts shall disseminate or disclose them to any person other than those described in Paragraphs 2 and 4 and only for the purposes specified, and in no event shall such person make any other use of such document or transcript.

6.    **Deposition Testimony** – Any portions of requested testimony, a transcript and/or a brief may be designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" if the party or attorney making the designation reasonably and in good faith believes it will reveal a trade secret or other confidential research and development, commercial, or sensitive information.  A party may make such a designation by providing written notice within twenty (20) days of receipt of the transcribed deposition by the designating party.

7. **Motion Practice** – All documents, testimony, and information designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" that are submitted to the Court Clerk as part of a motion or other paper shall be filed pursuant to the Local Rules. A redacted copy of the motion or paper may be filed with the Court Clerk through the Court's electronic filing system and an unredacted copy of the motion or paper may be filed under seal.

An unsealed or unredacted copy of the confidential document, testimony, or information may be used for the judge's courtesy copy of the motion, but each page containing confidential information shall be marked in such a way that it clearly notifies the Court that the page contains confidential information that was filed pursuant to Local Rule. The judge's courtesy copy of the motion shall be sent directly to the Judge's chambers and not filed with the Court Clerk.

8. **Discovery from Third Parties** – This Protective Order shall apply to discovery sought from persons or companies who are not parties to this lawsuit. Third parties may designate information produced under either the "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" designation.

9. **Challenging "Confidential" or "Highly Confidential" Designation** – Any party that wishes to challenge the designation of any document, thing, or testimony as confidential or highly confidential under Federal Rule of Civil Procedure 26(c) may do so at any time by way of motion to this Court. The designating party shall have the burden of justifying its designation. Before filing any such motion, however, the parties shall first attempt to resolve their disagreement without Court intervention.

10. **Trial Testimony** – This Protective Order shall not govern proceedings at trial.

11. **Termination of Lawsuit** – All documents and things designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY," and all copies thereof, shall either be returned to the party that produced them upon the final disposition of this action or they may be destroyed with permission of the party that produced them.  This provision shall not apply to documents and things the Court determines are not confidential.

12. **Inadvertent Production of Privileged Material** – Any inadvertent production of privilege or work product protected material shall not result in the waiver of any associated privilege (attorney-client privilege, work product doctrine, etc.).  However, the disclosure of any particular material shall cease to be "inadvertent" if the receiving party notifies the producing party of the disclosure and the producing party does not request the return of the privileged matter within 10 days.

IT IS SO ORDERED.

                              GORDON J. QUIST
                              UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BECKY PINKSTON-POLING, individually,
and on behalf of all others similarly situated,

    Plaintiff,                                Case No. 1:15-cv-1208
                                                                Hon. Gordon J. Quist

vs.

ADVIA CREDIT UNION,

    Defendant.

---

### EXHIBIT A – AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, declare as follows:

1. I have read the Protective Order in the above captioned case.

2. I promise that I will only use the documents and things designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" that are given to me for purposes of this lawsuit.

3. I promise that I will not disclose or discuss information that I learn from documents and things designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" with anyone other than the persons described in the Protective Order.

4. I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Western District of Michigan with respect to enforcement of this Protective Order.

5. I understand that any disclosure or use of documents or things designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY

CONFIDENTIAL – ATTORNEY'S EYES ONLY," or information learned from the documents or things, in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

Date: _____            _____
                                                    [Signature]

8